12-5110
Jiang v. Holder

BIA
A078 861 601

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fourteen.

PRESENT:
　　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge,*
　　　　DEBRA ANN LIVINGSTON,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges.*

_____

YAN QING JIANG, AKA SHINICHI TANAKA,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　12-5110
　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Cora J. Chang, New York, New York.

FOR RESPONDENT:　　　　Stuart Delery, Assistant Attorney
　　　　　　　　　　　　General; Ernesto H. Molina, Jr.,
　　　　　　　　　　　　Assistant Director; Drew C.
　　　　　　　　　　　　Brinkman, Trial Attorney, Office of
　　　　　　　　　　　　Immigration Litigation, Civil
　　　　　　　　　　　　Division, United States Department
　　　　　　　　　　　　of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Qing Jiang, a native and citizen of China, seeks review of a December 4, 2012, decision of the BIA denying his motion to reopen. *In re Yan Qing Jiang,* No. A078 861 601 (B.I.A. Dec. 4, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review the BIA's factual findings regarding country conditions under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Jiang's motion to reopen as untimely as it was filed more than seven years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although

2

there are no time limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), Jiang has not established any error in the BIA's conclusion that there was no material change.

First, Jiang's conversion to Christianity is a change in personal circumstances that does not excuse the time limitation. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). Moreover, there is no basis for finding that the BIA ignored evidence of country conditions, as the BIA explicitly discussed the evidence and reasonably concluded that it did not establish a change since the time of the hearing because the reports showed a continuation of religious repression, not new conditions. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *In re*

3

*S-Y-G-,* 24 I. & N. Dec. 247, 253 (BIA 2007)("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Because the BIA did not abuse its discretion in denying Jiang's motion to reopen as untimely, and timeliness is a prerequisite to consideration of eligibility for the requested relief, we need not reach Jiang's arguments regarding his *prima facie* eligibility for asylum.  *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

4